727 So.2d 1245 (1999)
Jennifer MITCHELL
v.
ST. PAUL FIRE & MARINE INSURANCE CO.
No. 98-CA-1924.
Court of Appeal of Louisiana, Fourth Circuit.
January 27, 1999.
*1246 J. Paul Demarest, Favret, Demarest, Russo & Lutkewitte, New Orleans, La, Counsel for Plaintiff.
Christopher M. Landry, Blue Williams, L.L.P., Metairie, LA, Counsel for Defendant.
Court composed of Judge STEVEN R. PLOTKIN, Judge CHARLES R. JONES, Judge Pro Tempore PHILIP C. CIACCIO.
PLOTKIN, Judge.
Plaintiff Jennifer S. Mitchell appeals a trial court judgment dismissing her worker's compensation case against defendant St. Paul Fire & Marine Insurance Co. on a motion for summary judgment.

Facts
In 1982, Ms. Mitchell started working for defendant St. Paul as a Medical Malpractice Claims Adjuster. On February 17, 1994, she filed a petition for workers' compensation benefits based on her alleged development of carpel tunnel syndrome. Ms. Mitchell claims that St. Paul failed to make necessary work condition accommodations to allow her to continue in her job. As a result, she eventually voluntarily withdrew from her employment in October of 1995, finally resigning in January of 1996. Initially, she sought temporary total disability benefits. She now claims that she has been unable since leaving her job to obtain employment earning the $40,000 annual salary she earned at St. Paul, thus entitling her to Supplemental Earnings Benefits.
Following extensive discovery, trial was set for March 18-20, 1998. However, on March 3, 1998, St. Paul filed a motion for summary judgment attaching numerous depositions, medical reports, and other evidence. The motion was set for hearing on March 16, 1998. In opposition to the motion, Ms. Mitchell filed her own affidavit. Additionally, Ms. Mitchell filed a motion for continuance of the March 16 hearing to the morning of trial; the ground for the continuance was the fact that Ms. Mitchell's attorney had another trial on March 16, 1998.
On the morning of the hearing, counsel for St. Paul specifically stated that it had no objection to the continuance under the circumstances. However, the trial court, after asking counsel for St. Paul several questions, decided to render a decision on the basis of the pleadings filed by the parties, to which counsel for St. Paul had no objection. The next day, apparently without ruling on the motion for continuance, the trial court granted the motion for summary judgment in favor of St. Paul.
Ms. Mitchell appeals, assigning three errors:
1. The judgment granting the motion for summary judgment issued the day before the scheduled trial violated the requirement of La. C.C.P. art. 966(D), which requires a judgment on motions for summary judgment "at least" ten days before trial.
2. The trial court improperly granted the motion for summary judgment because genuine issues of material fact remain.
3. The trial court improperly failed to grant a continuance based on Ms. Mitchell's counsel's conflict, as well as the taking of the matter under advisement without oral argument.

Time of rendering judgment
La. C.C.P. art. 966(D) provides as follows:
The Court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial.
(Emphasis added.)
St. Paul does not contest the fact that the trial court judgment, rendered the day before the scheduled trial, was rendered in violation of La. C.C.P. art. 966(D). The only case interpreting that article is Bell v. Uniroyal, Inc., 96-2838 (La.App. 4 Cir. 6/11/97), 696 So.2d 268. In Bell, the summary judgment was rendered eight days prior to the scheduled trial. The court stated as follows:
Finally, Bell raises a procedural point; the trial court rendered summary judgment only eight days before trial was to *1247 begin. This is in violation of La. C.C.P. art. 966(D), which calls for summary judgment to be rendered at least ten days before the trial date, so as not to burden parties with unnecessary trial preparation.
Uniroyal urges us to consider this rule merely an "advisory," something this court declines to do. However, we also find no evidence that Bell's case was in any way prejudiced by the two day delay. In fact, it appears from the record that the reason for the delay was Bell's own last-minute submission of Forney's affidavit. He cannot now ask us to overturn the lower court's judgment because it was forty-eight hours late due to his own untimely introduction of new evidence.
Accordingly, for the reasons stated above, the summary judgment dismissing Bell's cause of action is affirmed.
We believe the instant case is factually distinguishable from the Bell case. First, the judgment granting the motion for summary judgment in Bell was rendered eight days before trial; in the instant case, the judgment was rendered the day before trial, a gross violation of the mandatory provisions of La. C.C.P. art. 966(D). The panel deciding Bell specifically noted the "two-day delay" in the decision granting the summary judgment.
Second, the party opposing the summary judgment in the Bell case was actually responsible for the two-day delay. The Bell panel refused to strictly apply the 10-day requirement, noting that the judgment was 48 hours late due to the opposing party's own untimely introduction of new evidence. Nothing in the record of this case indicates that Ms. Mitchell was responsible for the fact that the summary judgment was not rendered until the day before trial. In fact, the motion for summary judgment in this case was not filed until 15 days before the scheduled trial. Ms. Mitchell filed her affidavit in opposition prior to the scheduled hearing; thus, she was not responsible for the delay.
Third, and perhaps most important, Ms. Mitchell was not even granted a hearing on the motion for summary judgment in the instant case. The motion was not filed until 15 days prior to trial. It was set for hearing two days prior to trial, on a day that Ms. Mitchell's attorney could not be present because of a conflicting trial in another court. Moreover, Ms. Mitchell's attorney filed a timely motion to continue, as soon as he learned of the conflict. The record before this court contains no disposition on that motion to continue.
Moreover, the record is clear that counsel for St. Paul did not contest Ms. Mitchell's motion for continuance. Although St. Paul's attorney agreed to submit the motion on memorandums following the trial judge's suggestion, the attorney for one party cannot make such a decision without the consent of the attorney for the other party. To make matters even worse, St. Paul filed a 45-page memorandum in support of the motion for summary judgment, which Ms. Mitchell had no opportunity to review until after it was filed 15 days prior to trial. Ms. Mitchell's attorney had only 13 days from the day the motion and memorandum were filed until the day of the hearing to prepare an opposition to the motion. He was obviously involved in preparing for another trial during that period.
Under the circumstances presented by this case, we find that the trial court's granting of the motion for summary judgment the day before trial in violation of La. C.C.P. art. 966(D) constitutes reversible error. The judgment is hereby reversed and the case is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed to the appellee.
REVERSED AND REMANDED.