808 So.2d 513 (2001)
Gaspard LASSERE, Individually and as Administrator of His Minor Children, Brandon Lassere, Gabriel Lassere and Christyn Lassere
v.
STATE of Louisiana, DEPARTMENT OF HEALTH & HOSPITALS, OFFICE OF PUBLIC HEALTH, Dr. Victor Gonzales and Dr. Darren Gannuch.
No. 2000 CA 0306.
Court of Appeal of Louisiana, First Circuit.
March 28, 2001.
*515 Keith Labat, Thibodaux, for Plaintiff/Appellant, Gaspard Lassere.
Caroline Norton, Assistant Attorney General, New Orleans, for Defendants/Appellees, State of Louisiana, Department of Health & Hospitals, Office of Public Health, and Dr. Darren Gannuch.
Before: WHIPPLE, KUHN and DOWNING, JJ.
WHIPPLE, J.
Plaintiff, Gaspard Lassere, appeals from the trial court's judgment granting the motion for summary judgment of defendants, the State of Louisiana, Department of Health and Hospitals, Office of Public Health ("DHH"), and Dr. Darren Gannuch. For the following reasons, we vacate and remand.

FACTS AND PROCEDURAL HISTORY
On January 9, 1996, plaintiff, the widower of Michelle Lassere, filed the instant wrongful death action individually and on behalf of his three minor children, Brandon, Gabriel and Christyn, against DHH, Dr. Victor Gonzales and Dr. Darren Gannuch. In his petition, plaintiff claimed that his wife was prematurely discharged from Leonard J. Chabert Medical Center in Houma, Louisiana, after having been diagnosed as having a severe mental disorder with suicidal tendencies. According to the petition, five days after her discharge, Michelle Lassere committed suicide.
Trial in this matter was eventually set for September 27, 28 and 29, 1999. However, on August 25, 1999, DHH and Dr. Gannuch filed a motion for summary judgment, contending that they were entitled to judgment in their favor as a matter of law because plaintiff was unable to establish through expert testimony that defendants had deviated from the standard of care in their treatment of Mrs. Lassere.[1] The trial court scheduled a hearing on the motion for summary judgment for September 10, 1999, seventeen days prior to the scheduled trial date. However, plaintiff (through counsel) was not served with the notice of the hearing on the motion for summary judgment until September 9, 1999, the day before the scheduled hearing.
Counsel for plaintiff appeared at the September 10, 1999, and objected to the hearing, noting that plaintiff was entitled to ten days notice of the hearing. The court then instructed the parties to submit the motion for summary judgment on memoranda and ordered plaintiff's counsel to file his memorandum in opposition to the summary judgment by September 17, 1999, ten days before the scheduled trial. However, plaintiff's counsel reiterated that he was objecting to the procedure and further noted that a ruling on a motion for summary judgment could not be rendered less than ten days prior to a scheduled trial date.
Nonetheless, in accordance with the court's order, plaintiffs counsel filed an opposition to the motion for summary judgment on September 17, 1999, and the trial court rendered judgment, granting defendants' motion for summary judgment on September 22, 1999, only five days before the scheduled trial date.
From this judgment, plaintiff appeals, contending that the trial court erred in: (1) granting a motion for summary judgment *516 when plaintiff, through counsel, was served with notice of the motion less than one day prior to the scheduled hearing on the motion; (2) rendering a judgment on a motion for summary judgment only five days prior to the scheduled trial on the merits of the main demand; and (3) granting defendants' motion for summary judgment when genuine issues of material fact existed.

DISCUSSION
As set forth in his first and second assignments of error, plaintiff avers that the trial court erred in granting summary judgment where the notice requirements and time limitations of LSA-C.C.P. art. 966 were not complied with. Defendants, on the other hand, suggest that any prejudice to plaintiff resulting from the failure to adhere to the time limitations regarding notice and rendition of summary judgment "would be outweighed by prejudice to the defendants in being forced to trial in a case wherein no material issue of fact existed."
Louisiana Code of Civil Procedure article 966 sets out the requirements for a motion for summary judgment and dictates time limitations regarding certain aspects of the summary judgment procedure. Paragraph B of the article provides that the required service of the motion for summary judgment and supporting affidavits be made at least ten days prior to the time specified for the hearing on the motion. LSA-C.C.P. art. 966(B). The requirement of LSA-C.C.P. art. 966(B) that the motion for summary judgment be served at least ten days before the time specified for the hearing is designed to give fair notice of the evidentiary and legal bases for the motion. The adverse party then has time to respond with evidentiary documentation of his own, either in the form of affidavits or discovery devices, and to be prepared to meet the legal argument of the moving party. Vardaman v. Baker Center, Inc., 96-2611, p. 5 (La.App. 1st Cir.3/13/98), 711 So.2d 727, 730. Moreover, procedural due process requires an opportunity to be heard, in addition to notice of the pendency of an action, and in conjunction therewith, adequate notice of the hearing is fundamental. Macaluso v. Macaluso, 99-0935, p. 6 (La.App. 1st Cir.5/12/00), 762 So.2d 180, 183.
With regard to the notice requirement of LSA-C.C.P. art. 966(B), courts have consistently found that the mover must show that he has secured the judgment in accordance with the procedural law in order to have the summary judgment upheld on appeal. Macaluso, 99-0935 at p. 5, 762 So.2d at 183; see Chaney v. Coastal Cargo, Inc., 98-1902, p. 4 (La.App. 4th Cir.1/20/99), 730 So.2d 971, 973, and Villavasso v. Lincoln Beach Corporation, 146 So.2d 7, 12 (La.App. 4th Cir.1962).
In the instant case, the trial court implicitly found in written reasons for judgment that plaintiff had waived any objection to the ten-day notice requirement of art. 966(B) in that counsel for plaintiff "agreed to and did submit the issue on a memorandum when he filed his memorandum into the record September 17, 1999." However, a review of the transcript of the proceedings on September 10, 1999, the scheduled hearing date, demonstrates that plaintiffs counsel continually maintained his objection to the lack of ten-day notice, as follows:
MR. LABAT:
Judge, everything Miss NortonI don't blame her. I told her on the phone yesterday, I was downtown Houma yesterday, my secretary pages me 911 over here, she says we were served for a hearing.

*517 * * *
MR. LABAT:
Judge, the problem we're going to have is, it's got [to] be ten-day notice from yesterday. Actually today is No. 1. Then we're getting within ten days of a trial, which the Statute doesn't allow us to do that. I just think we got to go to Court.
* * *
THE COURT (addressing defense counsel):
Do you want to submit the summary judgment on memorandum, so you don't have to come back to Court, and I will require his memorandum be sent to the Court by a certain time?
MISS NORTON:
That's fine.
MR. LABAT:
I'm still objecting. I don't want to lose my right to the ten days.
* * *
THE COURT:
Let me have the memo by the 17th, your memo in opposition.
MR. LABAT:
And Judge, reserving my right to the ten days. I don't want to be in the situation where I'm
THE COURT:
I'm not reserving any right to ten days. I'm telling you that I'll take it by memo rather than oral argument.
MR. LABAT:
Okay.
MISS NORTON:
And the 17th is ten days fromyou were served on the 8th.
MR. LABAT:
But it's not ten days from the trial. That's what I'm saying, Caroline.
It is clear from this colloquy that plaintiff's counsel continued to object to the lack of adequate notice pursuant to LSA-C.C.P. art. 966(B) and did not voluntarily agree to submit the motion on memoranda. Although defense counsel agreed to submit the motion on memoranda following the trial judge's suggestion, the attorney for one party cannot make such a decision without the consent of the attorney for the other party. Mitchell v. St. Paul Fire & Marine Insurance Co., 98-1924, p. 4 (La.App. 4th Cir.1/27/99), 727 So.2d 1245, 1247.
Moreover, even if the ten-day period afforded plaintiff's counsel to submit any opposition to the motion could be deemed to satisfy the requirements of LSA-C.C.P. art. 966(B), the judgment was nonetheless rendered in clear violation of the time limitations mandated by LSA-C.C.P. art. 966(D), in that it was rendered only five days before the scheduled trial date.
Paragraph D of LSA-C.C.P. art. 966 requires that the court shall hear and render judgment on the motion "within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial." (Emphasis added). LSA-C.C.P. art. 966(D). The requirement of LSA-C.C.P. art. 966(D) that a judgment on the motion be rendered at least ten days prior to the scheduled trial date prevents the parties from being burdened with unnecessary trial preparation. Bell v. Uniroyal, Inc., 96-2838, p. 4 (La. App. 4th Cir.6/11/97), 696 So.2d 268, 270.
The time limitation set forth in LSA-C.C.P. art. 966(D) is mandatory. Nonetheless, despite its mandatory terms, some courts have looked to whether there has been any prejudice to the opposing *518 party or any delay caused by the opposing party in determining whether to vacate a summary judgment rendered in violation of LSA-C.C.P. art. 966(D). See Johnson v. Canale, 00-891, pp. 5-9 (La.App. 5th Cir.10/19/00), 769 So.2d 833, 835-837 (court vacated summary judgment rendered in open court three weeks before scheduled trial date but not reduced to writing until one day before trial, finding that potential conflicting loyalties of counsel for the party opposing summary judgment was prejudicial); Mitchell, 98-1924 at pp. 3-4 727 So.2d at 1246-1247 (court reversed summary judgment rendered the day before trial, which it termed a "gross violation of the mandatory provisions of La. C.C.P. art. 966(D)," where opponent was not even granted a hearing on the motion and was in no way responsible for the timing of rendition of the judgment); Bell, 96-2838 at p. 4, 696 So.2d at 270 (court refused to vacate summary judgment rendered eight days before scheduled trial date where opponent failed to show any prejudice by the two-day delay and where delay in ruling was attributed to opponent's untimely introduction of evidence).
In the instant case, the parties do not dispute that plaintiff's counsel clearly bore no responsibility for the delays in his being served with the motion or for the corresponding delays in the trial court's rendition of judgment only five days before the scheduled trial dates. The particular motion for summary judgment at issue was not filed until approximately one month before the scheduled trial date. Moreover, defense counsel acknowledged at the September 10 hearing that she had contacted the clerk's office the day before the September 10 scheduled hearing to determine whether service had been perfected upon her opponent. Apparently, her call prompted the eventual service of the motion on plaintiff's counsel that afternoon, less than twenty-four hours before the scheduled hearing. Because of the lack of ten-day notice to plaintiff's counsel, the trial court did not conduct a substantive hearing on the motion on September 10, but, instead, ordered plaintiff's counsel to oppose the motion in memorandum form by September 17, causing the resulting delay in rendition of judgment. These delays in the proceedings cannot be attributed to plaintiff's counsel.
Moreover, we are unconvinced by the suggestion that we should "weigh the prejudice" to defendants when plaintiff will not be able to meet his evidentiary burden at trial, in order to determine whether the time limitations set forth in LSA-C.C.P. art. 966 should be followed. The strength of an opponent's case on the merits does not outweigh the procedural protections afforded to the opponent of summary judgment.
Considering the procedural irregularities outlined above and the mandatory language of LSA-C.C.P. art. 966(B) & (D), we conclude that the September 22, 1999 judgment of the trial court, granting defendants' motion for summary judgment must be vacated. While it is true that the purpose of the summary judgment procedure is to allow courts to decide whether enough evidence exists to go to trial, thus giving judges an opportunity to weed out meritless litigation, Macaluso, 99-0935 at p. 4, 762 So.2d at 182, the mover who seeks to avoid trial by summary judgment proceedings must comply with the procedural safeguards outlined therein.
Further, for the above reasons, we pretermit the issues raised by plaintiffs third assignment of error.

CONCLUSION
For the above and foregoing reasons, the September 22, 1999 judgment of the trial court granting defendants' motion for *519 summary judgment is vacated. This matter is remanded for further proceedings. Costs of this appeal in the amount of $1,537.12, are assessed against defendants, Dr. Darren Gannuch and DHH.
VACATED AND REMANDED.
NOTES
[1] Plaintiff's claims against Dr. Gonzales had previously been dismissed on a motion for summary judgment based on the trial court's finding that Dr. Gonzales did not participate in the treatment of Mrs. Lassere.