WINDHORST, J.,
dissents with reasons.
|,I respectfully dissent and would affirm the decision of the trial court. In this case, the trial court found that plaintiff failed to present a competent medical expert to support her claims of malpractice.
It is well established that the trial court has great discretion in determining the competence of an expert witness and that determination will not be overturned on appeal absent an abuse of that discretion. Foster v. Patwardhan, 48,575 (La.App. 2 Cir. 1/22/14), 132 So.3d 495.
As stated by my colleagues in their opinion, in a medical malpractice action against a physician, the plaintiff has the burden of proving (1) the degree of care ordinarily practiced by physicians in the defendant physician’s specialty, (2) that the defendant either lacked this degree of skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill, and (3) that as a proximate result of the breach the plaintiff suffered injuries that would not otherwise have been incurred. La. R.S. 9:2794A; Fischer v. Megison, 07-1023 (La.App. 5 Cir. 5/27/08), 986 So.2d 95,101.
In determining the degree of care ordinarily practiced by physicians in the defendant’s physician’s specialty, La. R.S. 9:2794A(1) sets forth the applicable standard of care for physicians:
| ?The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, optometrists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, optometrists, or chiropractic physicians within the involved medical specialty.
The first part of La. R.S. 2794A(1) governs non-specialists and requires that the degree of care to which the physician, dentist or chiropractor is to be held is based upon the standard of practice in a similar community or locale and under similar circumstances, referred to as the “locality rule.” The second part of La. R.S. 2794A(1) governs specialists and requires specialists to be held to a national standard, which is that degree of care ordinarily practiced by physicians within the involved medical specialty. Piazza v. Behrman Chiropractic Clinic, Inc., 601 So.2d 1378, 1380 (La.1992).
In opposition to defendant’s motion for summary judgment, plaintiffs offer the deposition of Dr. Daniel J. Trahant, a practicing neurologist. However, Dr. Plunk-ett-Kuspa has not limited her practice to the specialized field of neurology, nor has she held herself out as a specialist in treating neurological disorders. Therefore, the “locality rule” applies to defendant’s standard of care. See LeBlanc v. Landry, 08-1643 (La.App. 1 Cir. 6/24/09), 21 So.3d 353, 359-360. See also Iseah v. E.A. Conway Memorial Hospital, 591 So.2d 767 (La.App. 2 Cir.1991), writ denied, 595 So.2d 657 (La.1992); citing to Parmelee v. Kline, 579 So.2d 1008 (La.App. 5 Cir.1991), writ denied, 586 So.2d 564 (La.1991).
The Louisiana Supreme Court has stated that a specialist may testify as an expert witness in a case involving a general practitioner only if the specialist has sufficient knowledge of the requisite subject matter. McLean v. Hunter, 495 So.2d 1298 (La.1986). However, the specialist must also be familiar with the standard *687 required of a physician (here a general practitioner/internist) under similar circumstances and in a similar community. See Sam v. XYZ Ins. Co., 489 So.2d 907 (La.1986). A particular specialist’s knowledge of the subject matter on which he is to offer expert testimony should be determined on a case by case basis. McLean, supra, at 1302.
I find that the plaintiffs expert, Daniel Trahant, M.D., is unable to present sufficient medical testimony and evidence to support plaintiffs claims of medical negligence. As previously stated, the plaintiff must present evidence of the degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians that are actively practicing in a similar community or locale and under similar circumstances. Dr. Trahant is a neurologist, while the defendant, Dr. Plunkett, is an internist. It is unquestionable, and not largely in dispute, that the standard of care applicable to a neurologist with regard to testing for and diagnosing a rare condition such as herpetic encephalitis is substantially different from that of an internist. Additionally, the degree of knowledge or skill possessed or the degree of care ordinarily exercised by a neurologist varies greatly from that exercised by an internist with regard to the detection and diagnosis of herpetic encephalitis. I agree with the trial judge, who stated in his reasons for judgment, that
... it is unquestionable, and not largely in dispute, that the standard of care applicable to a neurologist as opposed to that of an internist, with regard to testing and diagnosing a rare condition such as herpetic encephalitis is substantially different. Additionally, the degree of knowledge or skill possessed of the degree of care ordinarily exercised by a neurologist varies greatly from that exercised by an internist with regard to the detection and diagnosis of herpetic encephalitis.
|4In deposition, when asked if he had ever practiced as a primary care physician, Dr. Trahant replied that he had not. He stated that he worked as an emergency room physician for one year during his residency in 1978. Dr. Trahant further stated that he had never testified — a factor in qualifying as an expert — in a matter on the standard of care for diagnosing either encephalitis or meningitis. He had only participated in a medical review panel concerning the practice of a primary care physician, five to seven times, but those cases were “mostly involving injections, blood drawing, that type of thing” and that the cases he could recall had involved “venous punctures that have damaged the median nerve or the sciatic nerve in a gluteal injection.” At no time during his deposition did Dr. Trahant state that he was familiar with the standard of care for a primary care physician in this locale, or in any locale. I believe that the trial court did not abuse its discretion in finding that Dr. Trahant was not qualified to testify as to the standard of care for internist in this locale. Because there are complex medical and factual issues involved in this case, the plaintiffs must provide appropriate expert evidence in order to sustain their burden of proof as to the standard of care applicable in this case. Compare Pierre-Ancar v. Browne-McHardy Clinic, 00-2410 (La.App. 4 Cir 1/16/02), 807 So.2d 344, citing Pfiffner v. Correa, 94-0992 (La.10/17/94), 643 So.2d 1228. In the absence of a competent expert witness, plaintiffs are unable to provide evidence for an essential element of their claim. La.C.C.P. art. 966C.
Further, Mrs. Kieffer was seen by Dr. Plunkett-Kuspa only one time. The following day, Ms. Kieffer called Dr. Plunk-ett-Kuspa, as instructed. Ms. Kieffer relayed that she still had nausea, and she *688 also admitted that she had not taken the prescribed medicine. According to Dr. Plunkett-Kuspa’s notes reviewed by Dr. Trahant, there was no mention of headaches during this phone call. Dr. Plunk-ett-Kuspa instructed Ms. Kieffer to take the prescribed medicine and call the next day. | ¡¡According to the conclusion of the medical review panel, Dr. Plunkett-Kus-pa’s treatment did not fall below the accepted standard of care for a primary care physician.
In this case, the alleged malpractice occurred over sixteen years ago. This suit was filed more than eleven years ago. Plaintiffs have had more than ample time to obtain an expert who could testify as to the standard of care expected from an internist, which is necessary to prove then-malpractice claim. Perricone v. East Jefferson General Hosp., 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48.
Accordingly, I do not believe that the trial court erred in finding that there was no issue of fact and that the plaintiffs could not provide evidence to support an essential element of their case, specifically, the appropriate standard of care of a primary care physician practicing internal medicine. Plaintiffs’ expert, a neurologist, could not testify to the standard of care applicable to a primary care physician, as is evident from his deposition. I would affirm the trial court’s ruling granting summary judgment, dismissing plaintiffs’ claims against Dr. Plunkett-Kuspa.