991 So.2d 48 (2008)
CITY OF BATON ROUGE and Parish of East Baton Rouge through the Greater Baton Rouge Metropolitan Airport District
v.
AMERICAN HOME ASSURANCE COMPANY and J. Caldarera & Co., Inc.
No. 2007 CA 1755.
Court of Appeal of Louisiana, First Circuit.
May 2, 2008.
*49 Richard M. Simses, Johanna G. Myers, Abbott, Simses & Kuchler, APLC, Houston, TX, Paul M. Lavelle, New Orleans, LA, for Intervenor-Appellant FMC Technologies, Inc.
Lloyd N. Shields, Elizabeth L. Gordon, Adrian A. D'Arcy, Shields Mott, Lund L.L.P., New Orleans, LA, for Defendant-Appellee J. Caldarera & Co., Inc.
Before PARRO, KUHN, and DOWNING, JJ.
PARRO, J.
FMC Technologies, Inc. (FMC) appeals the granting of a motion for summary judgment in favor of J. Caldarera & Co., Inc. (Caldarera), which dismissed FMC's claims on the grounds that they had prescribed. For the following reasons, we vacate the judgment and remand this matter to the district court.

FACTUAL AND PROCEDURAL BACKGROUND
This is the latest installment in this lawsuit concerning renovation and construction at the Greater Baton Rouge Metropolitan *50 Airport.[1] All other aspects of the case have been resolved, leaving only this dispute between the intervenor, FMC, and the defendant, Caldarera. After the original contractor on the airport project defaulted, its surety hired Caldarera to complete the work. On December 15, 1999, FMC submitted a bid to Caldarera for construction, delivery, and installation of six passenger boarding bridges (Jetways) through one of its divisions, Jetway Systems. The airport owner authorized Caldarera to buy the Jetways from FMC, and the project architect issued to Caldarera a notice to proceed with an order for the manufacture and delivery of them in accord with FMC's proposal.[2] The notice to proceed between the airport owner and Caldarera included a liquidated damages provision, stating the amount of $500 per day would be assessed for any delays beyond the times set forth in FMC's proposal. On January 18, 2000, Caldarera sent a letter to FMC, serving as notice to proceed with the fabrication and delivery of the Jetways; that letter also stated that a formal subcontract would be sent to FMC's office for execution. However, the written contract Caldarera eventually sent included a "pass-through" of the liquidated damages provision, and FMC never signed it. As a result, Caldarera's later claim for liquidated damages due to late delivery was denied by FMC on the grounds that there was no formally executed written contract including those terms.
FMC manufactured and delivered six Jetways and billed Caldarera as each was delivered. A portion of three invoices remained unpaid, and on September 29, 2001, FMC sent written demand to Caldarera for payment.[3] Over four years later, on December 28, 2005, FMC filed its petition for intervention, claiming Caldarera had not paid the full amount due on its contract for the manufacture and delivery of the Jetways, and the amount remaining due to it was $337,297.77.
On March 16, 2007, Caldarera submitted a motion for summary judgment,[4] in which it characterized FMC's claims as a suit on open account and contended the claims were prescribed due to FMC's failure to file suit within the three-year prescriptive period applicable to open accounts under LSA-C.C. art. 3494(4). FMC opposed the motion, arguing that its claims were based on a contractual relationship between the parties and that its petition in intervention sought recovery of damages as a result of breach of contract. It further argued that its petition also pled quasi-contractual theories upon which it could recover damages. Both of these causes of action have a ten-year prescriptive period. FMC also opposed the motion on the grounds of insufficient service of process, insufficient notice, unauthorized use of a summary proceeding, and lack of procedural due process.[5]
*51 After a hearing on the scheduled trial date, April 2, 2007, the trial court agreed with Caldarera's argument, stating: "The court is going to grant the summary judgment being of the opinion that there exists no contract and that the matter is prescribed on its face." In this appeal, FMC asserts the following assignments of error: (1) the district court's failure to consider the allegations of FMC's petition in intervention when determining the applicable prescriptive period; (2) the district court's finding that there was no contract between Caldarera and FMC; (3) in the alternative, the district court's error in granting the motion when there are genuine issues of material fact as to whether a contract was formed; (4) the district court's conclusion that FMC's claim was a suit on open account; (5) the district court's finding there was a suit on open account, despite having found there was no contract between the parties; (6) the district court's error in granting the motion, because Caldarera did not meet its burden of proof that FMC's claim was a suit on open account; (7) the district court's error in dismissing all of FMC's causes of action when Caldarera's motion did not address all the causes of action or grounds for recovery asserted by FMC; (8) the district court's error in ignoring insufficiency of service and notice, given that FMC was not properly served with Caldarera's motion for summary judgment; and (9) the district courts error in granting an improperly served motion for summary judgment.

DISCUSSION
Addressing the last two assignments of error, dealing with improper service and insufficient notice, we note that Louisiana Code of Civil Procedure article 966(B) states that the motion for summary judgment and supporting affidavits shall be served at least fifteen days before the time specified for the hearing. If the adverse party serves opposing affidavits, these affidavits and any supporting memorandum shall be served pursuant to Article 1313 at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary. Rule 9.8(a) of the Louisiana Rules for District Courts states that all motions must be accompanied by a proposed order requesting that the motion be set for hearing. Rule 9.9 states that a supporting memorandum must be served on all other parties so that it is received by the other parties at least fifteen calendar days before the hearing, unless the court sets a shorter time, and an opposition memorandum must be served on the other parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time. However, although the court may hear and render judgment on the motion for summary judgment within a reasonable time, judgment on the motion must be rendered at least ten days prior to trial. See LSA-C.C.P. art. 966(D).
Comment (b) to Rule 9.10[6] refers to Article 1313 of the Louisiana Code of Civil Procedure regarding service of pleadings subsequent to the original petition. Louisiana Code of Civil Procedure article 1313 states, in pertinent part:
A. Except as otherwise provided by law, every pleading subsequent to the original petition, and every pleading which under an express provision of law may be served as provided in this Article, may be served either by the sheriff or by:

*52 (1) Mailing a copy thereof to the counsel of record, ... this service being complete upon mailing.
(2) Delivering a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party.
(3) Delivering a copy thereof to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
(4) Facsimile transmission of a copy thereof to the counsel of record at his number designated for facsimile transmission,... this service being complete upon receipt of the transmission.
B. When service is made by mail, delivery, or facsimile transmission, the party or counsel making the service shall file in the record a certificate of the manner in which service was made.
C. Notwithstanding Paragraph A of this Article, if a pleading or order sets a court date, then service shall be made by registered or certified mail or as provided in Article 1314.[7]
As noted earlier, Caldarera's motion for summary judgment was signed and dated March 16, 2007. Documents in the record show that the motion, memorandum, and supporting exhibits were sent by electronic mail (email) to FMC on March 16, 2007. The certificate of service on the motion and memorandum was signed by Caldarera's attorney and states:
I hereby certify that a true and correct copy of the above pleading has been forwarded to all counsel of record by overnight delivery, electronic mail, U.S. Mail, (properly addressed and postage prepaid) and/or facsimile transmission, this 16th day of March, 2007.[8]
FMC acknowledges receipt of the motion, memorandum, and exhibits by email on March 16, 2007, but argues that service by email is not one of the specified methods of service for a motion for summary judgment. Although service by facsimile transmission was allowed by a 1997 amendment, there has been no similar amendment regarding service by email. FMC contends it was never served with the motion by one of the legally correct methods, nor was it served with any order setting a hearing date on the motion. It argues that the court erred in ignoring the issue of improper service, which it raised in its opposition to the motion, and in rendering judgment on a motion that was not properly served. Caldarera argues that although email is not specifically mentioned in Article 1313, delivery by email is the functional equivalent of mailing, delivering, or sending a facsimile transmission. Moreover, Caldarera contends that FMC waived its right to object to the manner of service by filing an opposition and appearing in court on March 21 and April 2 to argue the motion.
We disagree with Caldarera's arguments concerning the manner of service in this case. A motion for summary judgment must be secured in accordance with the procedural law in order to have the summary judgment upheld on appeal. Lassere v. State, Dep't of Health & Hosp., Office of Pub. Health, 00-0306 (La.App. 1st Cir.3/28/01), 808 So.2d 513, 516. A copy of the motion and of any order of the court assigning the date and hour of the hearing must be served on the adverse party. See LSA-C.C.P. art. 2594. As a practical matter, Caldarera's contentions concerning the efficacy of service by email *53 may be true. However, although our legislature has recognized some technological advances by allowing service by facsimile transmission, it has not yet extended its approval to service by email. Our research has not revealed any Louisiana jurisprudence holding that service by email is appropriate simply because it fulfills the purpose of informing the adverse party of the filing of the pleading and the issues brought up therein.
Compounding the problem in this case are the insufficient time periods between the filing of the motion, the hearing on that motion, and the trial date. Caldarera requested an expedited hearing on its motion, because the court had set March 21, 2007, as the final hearing date for all pre-trial motions and exceptions, and trial was set for April 2, 2007. FMC moved to extend the trial date, opposed the manner of service and the shortened notice, and moved to compel production of certain discovery from Caldarera. In a brief hearing on March 21, 2007,[9] the court granted FMC's motion to compel in part, denied the motion to continue the trial, and ordered counsel to make themselves available to adjust the scheduling order.[10] The court heard brief statements in support of the motion for summary judgment, but FMC advised it could not respond, due to the lack of proper service and insufficient notice. At that point, the court allowed FMC to supplement its opposition by March 26, 2007, ten days after the motion was sent by email. The issues were argued on the date set for trial, April 2, 2007, and the court granted Caldarera's motion for summary judgment on that date.[11]
The requirement of LSA-C.C.P. art. 966(B) that the motion for summary judgment be served at least fifteen days before the time specified for the hearing is designed to give fair notice of the evidentiary and legal bases for the motion. The adverse party then has time to respond with evidentiary documentation of his own, either in the form of affidavits or discovery responses, and to be prepared to meet the legal argument of the moving party. Vardaman v. Baker Center, Inc., 96-2611 (La. App. 1st Cir.3/13/98), 711 So.2d 727, 730. Moreover, procedural due process requires an opportunity to be heard, in addition to notice of the pendency of an action, and therefore, adequate notice of the hearing is fundamental. Macaluso v. Macaluso, 99-0935 (La.App. 1st Cir.5/12/00), 762 So.2d 180, 183; Lassere, 808 So.2d at 516. It is a basic principle of our legal system that a final judgment cannot be rendered against a party who has not been provided with proper notice. Receipt of actual notice of the hearing by the adverse party does not relieve the mover of the responsibility of providing proper notice. See Chaney v. Coastal Cargo, Inc., 98-1902 (La.App. 4th Cir.1/20/99), 730 So.2d 971, 973.
Caldarera contends that it is obvious that FMC had sufficient notice, because it filed a detailed opposition memorandum supported by an affidavit and exhibits, and it appeared and orally argued its position, thus waiving its opposition. However, the record belies those contentions. During this time period, FMC was still trying to obtain full discovery from Caldarera, as the court had ordered. Also, FMC did everything it could to bring to the court's *54 attention the fact that service was improper and notice was insufficient, under the statutory mandates. Despite this, the court adamantly refused to extend the trial date and completely ignored the deficiencies in service of the motion. At the April 2nd hearing, counsel for FMC again tried to raise these problems, stating:
But basically, Your Honor, our opposition... our position is based on the procedural way in which this matter came up. And I think, Your Honor, that we had a lack of opportunity to verify what they're saying, that it's ...
At this point, the court cut him off, commenting that the case had been ongoing for six years and implying that FMC had ample opportunity to make its case, even though it did not intervene in the lawsuit until the end of 2005. Under these circumstances, we do not agree that FMC waived its opposition.
Moreover, the judgment was rendered in clear violation of the time limitation mandated by Article 966(D), since it was rendered on the scheduled trial date. See Lassere, 808 So.2d at 517. The mandate of Article 966(D) is clear and unequivocal: "in any event judgment on the motion shall be rendered at least ten days prior to trial." This is simply a matter of respect for the litigants, their witnesses, and their counsel. The record does not reflect whether the parties were prepared for trial on April 2, 2007, but certainly, they should have been, because there was no guarantee that the court would grant the motion, and the court was obviously determined to wrap up this final piece of this complex and contentious litigation. By rendering judgment on the motion for summary judgment on the date scheduled for trial, the court put the parties in an untenable position that would not have occurred if the statutory time limits had been observed.
Therefore, because the motion for summary judgment was never properly served on FMC and the notice provisions of Article 966 and the Louisiana Rules for District Courts were ignored, we vacate the judgment of the district court and remand for further proceedings.[12]

DECREE
The judgment of May 4, 2007, granting summary judgment in favor of Caldarera and dismissing FMC's claims, is hereby vacated, and this case is remanded to the district court for further proceedings. All costs of this appeal are assessed to Caldarera.
JUDGMENT VACATED AND REMANDED.
DOWNING, J., concurs without reasons.
NOTES
[1] Additional details concerning this litigation are set out in City of Baton Rouge v. American Home Assur. Co., 06-0522 (La.App. 1st Cir. 12/28/06), 951 So.2d 1113.
[2] Caldarera deleted the installation of the Jetways from the FMC proposal.
[3] FMC also made written demand on American Home Assurance Company (American Home), the surety on the project, on January 18, 2002.
[4] The motion for summary judgment was signed and dated by counsel on March 16, 2007, but was file-stamped by the clerk of court on March 20, 2007. It requested an expedited hearing, because the judge had set March 21, 2007, as the final hearing date for all pre-trial motions and exceptions. Trial was set for April 2, 2007. In response to FMC's opposition to the insufficient notice, the court allowed FMC to file a supplemental opposition by March 26, 2007, and the issues were argued on April 2, 2007.
[5] Although there is no judgment in the record specifically addressing these arguments, the court's granting of the motion for summary judgment implicitly denies or overrules these claims.
[6] Rule 9.10 specifically addresses motions for summary judgment.
[7] Article 1314 requires service by the sheriff.
[8] We note that this certificate does not meet the requirements of Article 1313(B), as it does not specify the manner in which service was actually made.
[9] At that hearing, Caldarera's attorney advised the court that American Home had also filed a motion for summary judgment on the morning of March 21, 2007.
[10] Both counsel had told the court that they had conflicts with the scheduled trial date of April 2, 2007.
[11] The court also granted American Home's motion for summary judgment on April 2, 2007.
[12] Because of our ruling on these issues, we pretermit discussion of the remaining assignments of error.