WHIPPLE, C.J.
12This matter is before us on appeal by plaintiff, William Foster, Jr., from a judgment of the trial court granting a motion for summary judgment filed by defendants, Carol Kinchen and Louisiana Farm Bureau Insurance Company (“Farm Bureau”). For the reasons that follow, we reverse.
FACTUAL AND PROCEDURAL BACKGROUND
According to the petition filed herein, on May 8, 2014, plaintiff was operating his bicycle in a westbound direction on the sidewalk of Pine Street in Ponchatoula when, while crossing the intersection of Pine and South 5th Streets, he was struck in the crosswalk by a 2007 Toyota Sequoia, owned by Jason Wells and driven by Carol Kinchen. Kinchen was turning left or southbound onto South 5 th Street, at the intersection of Pine and South 5th Streets, when the accident occurred.
After the accident, plaintiff was taken to North Oaks Medical Center for evaluation. The treating hospital records indicated that plaintiff was treated for abrasions on his arms and that his blood work revealed a blood alcohol content of 0.084% at the time of the accident.
As a result of the accident, plaintiff filed a petition for damages on August 15, 2015, against Kinchen, Wells, and Farm Bureau, alleging therein that the accident was caused by Kinchen’s negligence. On December 7, 2015, Kinchen and Farm Bureau filed a motion for summary judgment, contending that plaintiff was precluded from recovering damages from the accident as LSA-R.S. 9:2798.4 provided them with statutory immunity from liability as a result of plaintiffs intoxication.
Following a hearing on January 4, 2016, the trial court rendered judgment granting the motion for summary judgment and dismissing plaintiffs suit against defendants with prejudice, at plaintiffs costs, on February 1, 2016. It is from this judgment that plaintiff now appeals, contending that the trial court improperly [¡¡applied LSA-R.S. 9:2798.4 herein, where plaintiff was riding a bicycle and was not operating a “motor vehicle” as required by the statute for the immunity to apply. Plaintiff further contends that in applying the statute, the trial court improperly made factual determinations regarding causation and allocation of fault in a summary judgment proceeding.
*439 DISCUSSION
At the outset, we must determine whether this matter is properly before us on appeal. The trial court designated the February 1, 2016 judgment as a final judgment pursuant to LSA-C.C.P. art. 1915(A)(3).[1] Moreover, while the judgment dismissed plaintiffs suit as to Kinchen and Farm Bureau, Jason Wells, who was named as a defendant in the petition and answered same, was not dismissed as a defendant therein. Louisiana Code of Civil Procedure article 1915(A)(1) provides that a judgment that “[dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors” is a final appealable judgment. Thus, we conclude the judgment is also final for purposes of an immediate appeal, pursuant to LSA-C.C.P. art. 1915(A)(1), because the judgment dismisses the suit as to less than all of the defendants. See Herrera v. First National Insurance Company of America, 2015-1097 (La.App. 1 Cir. 6/3/16), 194 So.3d 807, 811, writ denied, 2016-1278 (La. 10/28/16), 208 So,3d 885.”
^SUMMARY JUDGMENT
A motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B)(2).[2] In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Willig v. Pinnacle Entertainment, Inc., 2015-1998 (La.App. 1 Cir. 9/16/16), 202 So.3d 1169, 1172-1173. Whether a particular fact in dispute is material for purposes of summary judgment can be seen only in light of the substantive law applicable to the case. Gaspard v. Graves, 2005-1042 (La.App. 1 Cir. 3/29/06), 934 So.2d 158, 160, writs denied, 2006-0882, 20060958 (La. 6/16/06), 929 So.2d 1286, 1289.
On appeal, plaintiff contends that where he undisputedly was riding a bicycle at the time of the accident, the trial court erred in granting summary judgment pursuant to the immunity provision of LSA-R.S. 9:2798.4, which provides immunity to others for damages or injuries suffered by persons operating a motor vehicle, aircraft, watercraft, or vessel while under the influence of alcohol or drugs, and such negligence was a contributing cause of the accident. We agree with plaintiff that this appeal requires the resolution of a narrow legal issue: whether a “bicycle” constitutes *440 a “motor vehicle” or “vessel” under the statute.
Pursuant to LSA-R.S. 9:2798.4:
A. Neither the state, a state agency, or a political subdivision of the state nor any person shall be liable for damages, including those |savallable under Civil Code Article 2315.1 or 2315.2, for injury, death, or loss of the operator of a motor vehicle, aircraft, watercraft, or vessel who:
(1) Was operating a motor vehicle, aircraft, watercraft, or vessel while his blood alcohol concentration of 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or
(2) Was operating a motor vehicle, aircraft, watercraft, or vessel while he was under the influence of any controlled dangerous substance described in R.S. 14:98(A)(l)(c) or R.S. 40:964.
B. The provisions of this Section shall not apply unless:
(1) The operator is found to be in excess of twenty-five percent negligent as a result of a blood alcohol concentration in excess of the limits provided in R.S. 14:98(A)(l)(b), or the operator is found to be in excess of twenty-five percent negligent as a result of being under the influence of a controlled dangerous substance described in R.S. 14:98(A)(l)(c); and
(2) This negligence was a contributing factor causing the damage.
C. For purposes of this Section, “damages” include all general damages, including those otherwise recoverable in a survival or wrongful death action, which may be recoverable for personal injury, death or loss, or damage to property by the operator of a motor vehicle, aircraft, watercraft, or vessel or the category of persons who would have a cause of action for the operator’s wrongful death.
D. The provisions of this Section shall not apply if the operator tests positive for any controlled dangerous substance covered by the provisions of R.S. 14:98(A)(l)(c) or R.S. 40:964 and the operator is taking that substance pursuant to a valid prescription for the identified substance or a health care provider verifies that he has prescribed or furnished the operator with that particular substance.
E. Unless the operator’s insurance policy provides otherwise, nothing in this Section shall be construed to preclude the operator from making a claim under his or her own policy for first party indemnity coverages.
The starting point for the interpretation of a statute is the language of the statute itself. When a statute is clear and unambiguous, and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. LSA-R.S. 1:4; Crowe v. Bio-Medical Application of Louisiana, LLC, 2014-0917, 2014-0918 (La. App. 1st Cir. 6/3/16), 208 So. 3d 473, 487 (citing Cat’s Meow, Inc. v. City of New Orleans Through Department of Finance, 98-0601 (La. 10/20/98), 720 So.2d 1186, 1198).
We rely on secondary rules of statutory interpretation to discern the meaning of a statute only when a statute is not clear and unambiguous, or its application leads to absurd consequences. And in such cases, the statute nonetheless must be interpreted to have the meaning that best conforms to the purpose of the law. Pierce Foundations, Inc. v. Jaroy Construction, Inc., 2015-0785 (La. 5/3/16), 190 So.3d 298, 303.
On appeal, Kinchen and Farm Bureau refer to various other statutes to attempt to liken a “bicycle” to a “motor vehicle.” In particular, they contend that where LSA- *441 R.S. 32:194 provides “[e]very person riding a bicycle upon a highway of this state shall be granted all of the rights and shall be subject to all the duties applicable to the driver of a vehicle by this Chapter,” there concomitantly “should be no difference between bicycle and motor vehicles under the law” and LSA-R.S. 9:2798.4 should apply herein.
As further support for their argument that a “bicycle” fits within the purview of a “motor vehicle” herein, they note that a bicycle is included in the definition of a “vehicle” as defined in LSA-R.S. 32:1(92), as follows:
“Vehicle” means every device by which persons or things may be transported upon a public highway or bridge, except devices moved by human power or used exclusively upon stationary rails or tracks. A bicycle or a ridden animal shall be a vehicle, and a trailer or semitrailer shall be a separate vehicle.
(Emphasis added.)
We are not persuaded by these arguments. Although a bicycle and ridden animal are included in the definition of a “vehicle,” we note that the immunity set forth in LSA-R.S. 9:2798.4 applies to the operation of a “motor vehicle.” Louisiana Revised Statute 32:1(40) defines a “motor vehicle” as:
17[E]very vehicle which is self-propelled, and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails, but excluding a motorized bicycle. “Motor vehicle” shall also include a “low-speed vehicle” which is a four-wheeled, electric-powered vehicle with a maximum speed of not less than twenty miles per hour but not more than twenty-five miles per hour and is equipped with the minimum motor vehicle equipment appropriate for vehicle safety as required in 49 C.F.R. 571.500.
(Emphasis added.)
The definition of a motor vehicle in LSA-R.S. 32:1(40) encompasses self and electric propelled vehicles. Notably, a bicycle is not included in the definition of a “motor vehicle.” In fact, a “motorized bicycle,” which is presumably self or electric propelled, is specifically excluded from the definition of a “motor vehicle.”
The language of LSA-R.S. 9:2798.4 provides that “no person shall be liable for damages ... of the operator of a motor vehicle, aircraft, watercraft, or vessel who [w]as operating a motor vehicle, aircraft, watercraft, or vessel while his blood alcohol concentration [was] 0.08 percent or more.” The language of the statute is clear and unambiguous as written. Thus, we may not read into the statute a definition that the legislature did not include. See LSA-C.C. art. 9; J. Reed Constructors, Inc. v. Roofing Supply Group, L.L.C., 2012-2136 (La.App. 1 Cir. 11/1/13), 135 So.3d 752, 756, writ denied, 2014-1031 (La. 9/12/14), 148 So.3d 931. While LSA-R.S. 9:2798.4 applies to operators of a “motor vehicle, aircraft, watercraft, or vessel,” by its very terms, the immunity afforded therein does not apply to the operators of a bicycle.
Accordingly, the trial court erred in granting the motion for summary judgment filed by Kinchen and Farm Bureau.
CONCLUSION
For the above and foregoing reasons, the February 1, 2016 judgment of the trial court, granting the motion for summary judgment filed by Kinchen and Farm |RBureau and dismissing plaintiffs claims, is hereby reversed. The matter is remanded to the trial court for further proceedings.
*442 Costs of this appeal are assessed to the defendants/appellees, Carol Kinchen and Louisiana Farm Bureau Insurance Company.
REVERSED AND REMANDED.
GUIDRY, J., dissents and assigns reasons.

. Under LSA-C.C.P. art. 1915(A)(3) a judgment that "[girante a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E)[,]” is a final appealable judgment. Further, a summary judgment rendered pursuant to LSA-C.C.P. art. 966(E) is a summary judgment that disposes of "a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties.”

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act; therefore, we refer to the former version of the article in this case. See Acts 2015, No. 422, §§ 2 and 3.