# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2022 CA 0213

## LESLIE GUTHRIE

## VERSUS

## DR. BRIAN LADNER, HOSPITAL SERVICES DISTRICT NO. 1 OF TANGIPAHOA PARISH D/B/A NORTH OAKS HEALTH SYSTEM

*DATE OF JUDGMENT:* **NOV 0 7 2022**

ON APPEAL FROM THE TWENTY FIRST JUDICIAL DISTRICT COURT
PARISH OF TANGIPAHOA, STATE OF LOUISIANA
NUMBER 2020-0000670, DIVISION C

HONORABLE ERIKA W. SLEDGE, JUDGE

\* \* \* \* \* \*

John Michael Daly, Jr.
Metairie, Louisiana

John D. Sileo
Casey W. Moll
New Orleans, Louisiana

Counsel for Plaintiff-Appellant
Leslie Guthrie

Craig J. Robichaux
Jocelyn Renee Guidry
Cameron D. Robichaux
Mandeville, Louisiana

Counsel for Defendants-Appellees
Hospital Service District No. 1 of
Tangipahoa Parish d/b/a North Oaks
Health System and Brian Ladner, M.D.

\* \* \* \* \* \*

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Disposition: AFFIRMED.

**CHUTZ, J.**

Plaintiff, Leslie Guthrie, appeals a summary judgment dismissing, with prejudice, her medical malpractice claims against defendants, Brian Ladner, M.D. and Hospital Service District No. 1 of Tangipahoa Parish d/b/a North Oaks Health System (North Oaks). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 17, 2015, plaintiff was injured in a horseback-riding accident. She was transported to North Oaks Hospital and treated by Dr. Ladner. The following day, Dr. Ladner performed a closed reduction and splinted plaintiff's right elbow and surgically inserted a metal rod and screws into her right leg. She alleges that later, a North Oaks nurse inappropriately lifted her up in her hospital bed, and she experienced and reported immediate pain. Plaintiff alleges she was told no dislocation of the elbow had occurred, even though no x-rays were taken.

Subsequent to her discharge, plaintiff saw Dr. Ladner on July 7, 2015, at which time x-rays showed she had a dislocated elbow. Plaintiff was discharged from Dr. Ladner's care shortly thereafter, and she sought treatment from other physicians, one of whom noted a discrepancy between the length of her legs. Plaintiff underwent two additional surgeries, as well as extensive physical therapy. Following one surgery, she developed cellulitis and a frozen elbow.

Plaintiff requested a medical review panel (MRP), which issued a unanimous opinion concluding the evidence did not support a conclusion that defendants had breached the applicable standard of care. In March 2020, plaintiff filed suit for medical malpractice against Dr. Ladner and North Oaks (collectively, defendants). In her petition, plaintiff alleged Dr. Ladner improperly diagnosed and treated her elbow and leg injuries, including failing to take proper measurements, failing to note or deal with the discrepancy in the length of her legs, performing surgery poorly, and improperly delaying treatment. As to North Oaks, plaintiff

2

alleged its staff was not properly trained and performed inappropriate maneuvers on a person in her physical condition, causing her to suffer additional damages.

On February 1, 2021, defendants filed a motion for summary judgment on the grounds that plaintiff had no medical expert or competent evidence to support her claims of medical malpractice. The matter was set for hearing on May 3, 2021. On motion of plaintiff, a continuance was granted, and the matter was reset for June 7, 2021. On June 8, 2021,[1] claiming she needed additional time for discovery and to seek further medical treatment, plaintiff filed a second motion requesting a continuance to a date chosen by the district court. The district court granted a continuance without date on June 11, 2021. Pursuant to defendants' motion, the district court subsequently reset the summary judgment hearing to September 7, 2021.

On August 25, 2021, plaintiff filed her third motion for continuance, requesting the hearing be continued until a date chosen by the district court in order to allow additional time for discovery and further medical treatment. The motion noted defense counsel objected to a continuance. The following day,[2] plaintiff's counsel sent a letter to the district court stating all counsel had discussed the matter and defense counsel agreed to the summary judgment hearing being continued "to the next rule date." Accordingly, plaintiff specifically requested the hearing be moved "to the next available rule date."

On September 13, 2021, the district court signed an order granting plaintiff's August 25, 2021 motion to continue, making a handwritten notation that the hearing was reset for October 12, 2021. Also, on September 13, 2021, defendants filed a motion to reset the hearing on the motion for summary judgment, noting

---

[1] The record contains no minute entry reflecting what occurred on June 7, 2021, the previously set hearing date. The motion for continuance does not refer to the previously set hearing date.

[2] Although the letter is dated August 20, 2021, the letter states the motion to continue was fax-filed the preceding date, and the motion to continue was filed on August 25, 2021.

3

plaintiff had filed a motion to continue the September 7, 2021 hearing without date over defendants' objection. Defendants requested the district court reset the matter on the next available hearing date. The district court signed the order attached to defendants' motion the following day, September 14, 2021, setting the hearing for October 12, 2021, the same date the district court had already provided in granting plaintiff's motion to continue. Service of the new hearing date was issued on September 16, 2021 and was made on plaintiff's counsel, at the earliest, on September 22, 2021, which was less than thirty days prior to the scheduled hearing date.

Plaintiff filed an opposition on October 6, 2021, arguing defendants' motion for summary judgment should be denied because she had now identified a medical expert to support her malpractice claims. Plaintiff attached the affidavit of Thomas M. DeBerardino, M.D., who averred he was board certified in orthopedic surgery, had reviewed plaintiff's medical records, and based on his review thereof, believed defendants had breached the applicable standard of care. While plaintiff noted in a single sentence in her opposition that her counsel "were not timely served with ... notice of this [October 12, 2021] hearing," she did not object to or seek to continue the October 12 hearing date or file a declinatory exception objecting to insufficient service of notice.

In response to plaintiff's opposition, defendants filed a reply memorandum in which they objected to Dr. DeBerardino's affidavit as being conclusionary, failing to show his competency to testify, failing to set forth facts supporting his conclusions, failing to delineate and attach the medical records reviewed, and failing to state the applicable standard of care or how each defendant breached it. On the day of the October 12, 2021 hearing, plaintiff filed a supplemental opposition for the sole purpose of submitting a medical report from Dr. DeBerardino, which was attached to answers to interrogatories purportedly

4

propounded by defendants. The report was not sworn to or signed by Dr. DeBerardino. On the same day, defendants filed a written objection to the supplemental exhibits, asserting they had not propounded the purported interrogatories answered by plaintiff and the report of Dr. DeBerardino constituted unsworn hearsay and was untimely.

At the motion hearing, defendants reiterated their objections to plaintiff's exhibits. Plaintiff argued her exhibits were timely because she provided Dr. DeBerardino's report to defendants the same day she received it. Despite the fact that the report was unsigned and unsworn, plaintiff argued the report should be allowed to supplement Dr. DeBerardino's earlier filed affidavit.

The district court sustained defendants' objections. The court concluded the affidavit was not competent evidence because it lacked the required personal knowledge and failed to state the applicable standard of care. Further, because plaintiff failed to present an admissible affidavit to contest the opinion of the medical review panel that no malpractice occurred, the court granted defendants' motion for summary judgment.

At that point, plaintiff's counsel argued plaintiff's supplemental opposition and attached medical report should be considered timely because her counsel did not receive thirty-day notice of the hearing date. The district court responded that its ruling was based on the contents of the affidavit not on timeliness. The district court subsequently signed a written judgment on November 2, 2021, dismissing plaintiff's malpractice claims against defendants with prejudice.

Plaintiff filed a motion for new trial on the grounds of insufficient notice of the summary judgment hearing date and because she had since obtained an affidavit, dated October 15, 2021, from Dr. DeBerardino verifying his expert medical report. Plaintiff argues she was unable to obtain this affidavit prior to the

5

summary judgment hearing due to lack of proper notice of the hearing date. The trial court denied the motion for new trial. Plaintiff now appeals.

## DISCUSSION

Plaintiff argues the district court erred in granting summary judgment in favor of defendants when the mandatory requirement of La. C.C.P. art. 966(C)(1)(b) that the parties be served in accordance with La. C.C.P. arts. 1313 and 1314 with not less than thirty-day prior notice of the hearing date was not met. Plaintiff further argues the district court also erred in granting summary judgment contrary to the law and evidence since the report of her medical expert created a genuine issue of material fact regarding defendants' negligence.

A motion for summary judgment is a contradictory proceeding that requires service of process in accordance with La. C.C.P. arts. 1313 and 1314. La. C.C.P. art. 966(C)(1)(b). In order to have a summary judgment upheld on appeal, the movant must show the judgment was secured in accordance with the procedural law. *Macaluso v. Macaluso*, 99-0935 (La. App.1st Cir. 5/12/00), 762 So.2d 180, 183. While the general rule is that the parties must be served with notice of the hearing not less than thirty days prior thereto, this requirement does not apply if the parties agree otherwise. Specifically, Article 966(C)(1)(b) provides:

> C. (1) *Unless otherwise agreed to by all of the parties and the court:*
> ***
> (b) Notice of the hearing date shall be served on all parties in accordance with Article 1313(C) or 1314 not less than thirty days prior to the hearing.

(Emphasis added.)

In this case, the motion for summary judgment was filed on February 1, 2021. By the time plaintiff filed what was at the least her third motion to continue a scheduled hearing date on August 25, almost seven months had lapsed since the motion for summary judgment had been filed. Defendants objected to yet another continuance. Undoubtably in an effort to overcome defendants' objection,

6

plaintiff's counsel discussed the matter with opposing counsel and agreed the matter would be set for the next available rule date. Accordingly, plaintiff sent a letter to the district court unconditionally requesting the hearing be moved "to the next available rule date." The district court complied with plaintiff's specific request, resetting the hearing for October 12, 2021. Plaintiff's counsel were served with notice of the hearing on September 22 and October 4, 2021, respectively.

At no time prior to the hearing did plaintiff object to the hearing being held on October 12 or file an exception of insufficient service. While plaintiff included a single sentence in her opposition noting she had not received thirty days prior notice of the hearing, she did not request further postponement of the hearing on that basis or specifically object to the scheduled hearing date. Moreover, at the motion hearing, plaintiff did not raise any objection based on insufficient notice until after the district court excluded her exhibits and orally granted the motion for summary judgment. Only then did plaintiff point out she had received less than thirty-day notice as a reason that her exhibits should not be excluded as untimely. In response, the district court explained its ruling was based on the contents of the exhibits and not on timeliness, and plaintiff raised no further objection.

The service requirements of Article 966(C) relating to a motion for summary judgment can be waived. Moreover, the waiver need not follow the formal requirements of La. C.C.P. art. 1201, which governs citation. *McClure v. Target Corporation*, 19-758 (La. App. 3d Cir. 6/10/20), 298 So.3d 889, 892. This court has held a party who fails to file an exception of insufficient service and who appears and argues the merits of a motion for summary judgment without objecting to the lack of proper service waives the right to object to improper service. See La. C.C.P. art. 925; *State v. Kee Food, Inc.*, 17-0127 (La. App. 1st Cir. 9/21/17), 232 So.3d 29, 32, writ denied, 17-1780 (La. 12/5/17), 231 So.3d 632.

7

In the instant case, plaintiff did not file an exception of insufficient service or request a further continuance of the hearing. Most significantly, however, we believe the thirty-day notice requirement was implicitly waived by agreement of all the parties and the district court, as permitted by Article 966(C), when plaintiff herself specifically requested, without any limitations, that the hearing be set at the next available rule date. The trial court's agreement is reflected by its signing of the order complying with plaintiff's request, and defendants' agreement is reflected by its own motion to reset the matter on the next available hearing date.

Plaintiff's reliance on this court's decision in *City of Baton Rouge v. American Home Assurance Company*, 07-1755 (La. App. 1st Cir. 5/2/08), 991 So.2d 48, 54, in support of her argument that the district court erred in granting defendants' motion for summary judgment when she received insufficient notice of the hearing date is misplaced. The decision in *City of Baton Rouge* was based on its own peculiar circumstances, which are factually distinguishable from those herein. In *City of Baton Rouge*, the summary judgment was filed a mere seventeen days before the hearing held on the motion, as opposed to over eight months in this case. Moreover, the intervening party in *City of Baton Rouge* was *never* served with the motion or notice of hearing by any legally authorized means of service. *Id.* at 50-51. Further, unlike the instant case, the intervenor objected to the hearing date, both prior to and at the hearing, and even filed a motion to continue on the basis of improper service and insufficient notice, which the district court denied despite intervenor's continuing objection. *Id.* at 53-54. In contrast, as discussed above, plaintiff herein implicitly waived the thirty-day notice requirement by her actions and inactions, including a specific request that the hearing be set for the next available rule date. Accordingly, we find no merit in plaintiff's assertions that the summary judgment dismissing her claims should be

8

vacated due to noncompliance with the notice requirements of Article 966(C)(1)(b).

There is also no merit in plaintiff's contention that summary judgment was granted improperly because Dr. DeBerardino's expert report created a genuine issue of material fact regarding whether defendants were negligent and breached the applicable standard of care. Plaintiff argues the report was admissible and should have been considered by the district court because the report was attached to her supplemental answers to interrogatories, which are admissible under Article 966(A)(4). Further, even though defendants objected to the admissibility of the report, plaintiff argues the district court was required to consider the report because the court failed to state on the record that the report was inadmissible or would not be considered. See La. C.C.P. art 966(D)(2).

We need not determine whether the district court actually considered Dr. DeBerardino's report, because in reviewing a summary judgment on appeal, appellate courts review the evidence *de novo* under the same criteria governing the district court's determination of whether summary judgment is appropriate. *Foster v. Kinchen*, 16-0544 (La. App. 1st Cir. 3/29/17), 217 So.3d 437, 439. Our *de novo* review reveals that even if considered, Dr. DeBerardino's report was insufficient to create a genuine issue of material fact since the report was unsigned and unsworn. A party is not permitted to utilize unsworn and unverified documents as summary judgment evidence. *Nettle v. Nettle*, 15-1875 (La. App. 1st Cir. 9/16/16), 212 So.3d 1180, 1183, writ denied, 16-1846 (La. 12/16/16), 212 So.3d 1170; see also La. C.C.P. arts. 966 and 967. Thus, a document that is not an affidavit, not sworn to in any way, or not certified or attached to an affidavit has no evidentiary value on a motion for summary judgment. Unsworn and unverified documents such as the unsigned expert report attached to plaintiff's supplemental answers to interrogatories are not self-proving. Merely attaching such documents

9

to a motion for summary judgment or another exhibit does not transform such documents into competent summary judgment evidence. *Nettle*, 212 So.3d at 1183.

Since plaintiff presented no competent expert evidence in support of her medical malpractice claims, the district court properly granted summary judgment dismissing plaintiff's malpractice claims.[3]

## CONCLUSION

For the above reasons, the judgment of the district court granting defendants' motion for summary judgment and dismissing plaintiff's claims with prejudice is affirmed. All costs of this appeal are assessed to plaintiff.

**AFFIRMED.**

---

[3] In brief, plaintiff also assigned error to the district court's denial of her motion for new trial, but did not present any separate arguments in support of that assignment. This court may consider as abandoned any assignment of error that has not been briefed. Uniform Rules – Courts of Appeal, Rule 2-12.4(B)(4); *State in Interest of N.J.*, 20-0056 (La. App. 1st Cir. 7/24/20), 312 So.3d 295, 296. Moreover, in view of our conclusions herein, there appears to be no error in the district court's denial of plaintiff's motion for new trial.